# Exhibit 1

          

November 22, 2017

*VIA ELECTRONIC MAIL*

Sam Kaplan, Chief Privacy Officer/Chief FOIA Officer
The Privacy Office
U.S. Department of Homeland Security
245 Murray Drive SW, Building 410
STOP-655
Washington, DC 20528-0655
foia@hq.dhs.gov


      **Re:**    **Freedom of Information Act Request**

Dear FOIA Officer:

The National Immigration Project of the National Lawyers Guild (NIPNLG) and Professor Margaret Satterthwaite submit this request for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq*. NIPNLG is a national non-profit that provides technical and litigation support to immigrant communities, legal practitioners, and advocates seeking to advance the rights of noncitizens. Professor Satterthwaite is a clinical law professor who directs a human rights clinic and conducts academic and applied research related to human rights issues. A significant strand of her ongoing clinical work and academic research relates to Haiti and Haitian immigrants in the United States.

This request seeks information regarding the decision to terminate the Temporary Protected Status (TPS) designation for Haiti under § 244(b)(3) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254a(b)(3).

NIPNLG and Professor Satterthwaite seek a fee waiver, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

**Records Requested**

Requestors through this FOIA request the following records,[1] which have been prepared, received, transmitted, collected and/or maintained by the Department of Homeland Security (DHS):

---

[1] The term "records" includes but is not limited to all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, evaluations, legal opinions, instructions, analyses, directives,

Exhibit 1-1

Freedom of Information Act Request
November 22, 2017
Page 2

1. All records sent by or to Elaine Duke, Acting Director of the DHS, relating to TPS for nationals of Haiti, including by not limited to the extension, redesignation, or termination of TPS for Haitian nationals; and

2. All records relating to and including a letter dated on or about October 31, 2017 from Secretary of State Rex Tillerson to Elaine Duke, Acting Director of Department of Homeland Security, informing her that conditions in Haiti no longer justify its TPS designation.

If under applicable law any of the information requested is considered exempt, please describe in detail the nature of the information withheld, the specific exemption or privilege upon which the information is withheld, and whether the portions of withheld documents containing non-exempt or non-privileged information have been provided. Thank you in advance for your response to this request within twenty business days, as FOIA requires. *See* 5 U.S.C. § 552(a)(6)(A)(i).

Requestors ask that the DHS produce the requested records in an electronic format or on a compact disc. If any of the requested records or information is not kept in a succinct format, we request the opportunity to view the documents in your offices.

**Request for Waiver of Fees**

Requestors are an organization that works on behalf of immigrant communities and a law school clinical professor. They ask that the agency waive all fees associated with this request. Requestor Professor Satterthwaite, as a clinical professor appointed by an educational institution, is exempted from liability for search costs under OMB guidelines. *See* 6 C.F.R. § 5.11(d). In addition, both requestors are entitled to a waiver of all costs because disclosure of the information is ". . . likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). *See also* 6 C.F.R. § 5.11(k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution). A fee waiver also would fulfill Congress' intent in amending the FOIA. *See Judicial Watch, Inc. v. Rossoti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (discussing that Congress intended the FOIA to be construed broadly to favor fee waiver for noncommercial requests).

In addition, NIPNLG and Professor Satterthwaite also both have the ability to widely disseminate the requested information. *See Judicial Watch,* 326 F.3d at 1301 (finding a fee

---

memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training manuals, and studies. This includes records kept in written form, electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, and or any other sub-regulatory guidance.

Exhibit 1-2

Freedom of Information Act Request
November 22, 2017
Page 3

waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

### A.    *Disclosure of the Information Is in the Public Interest*

Disclosure of the requested information will contribute significantly to the public understanding of government operations and activities regarding its determination to extend, redesignate, or terminate TPS for nationals of Haiti. 6 C.F.R. § 5.11(k)(2). The requested information impacts tens of thousands of Haitian nationals who have lived and worked in the United States for many years and, in July of 2019, may be deported to a country whose current conditions pose a risk to their health and safety. The information is thus of great interest to the public at large, but not available in the public domain.

NIPNLG and Professor Satterthwaite have the capacity and intent to disseminate widely the requested information to the public. NIPNLG and Professor Satterthwaite will review, analyze and/or summarize the information obtained through this FOIA.  In addition, NIPNLG and Professor Satterthwaite will speak publicly and publish practice advisories or related written materials to be shared with the public, organizational members and the academic community. NIPNLG will make the information available through its website, which is accessible by any member of the public. Finally, NIPNLG and Professor Satterthwaite have frequent contact with national print and news media and plan to share information gleaned from FOIA disclosures with interested media.

### B.    *Disclosure of the Information Is Not Primarily in the Commercial Interest of the Requester*

Requestors are tax-exempt, not-for-profit educational, charitable organizations or affiliated with such organizations. NIPNLG is a 501(c)(3) organization. Attorneys, noncitizens and any other interested members of the public may obtain information about immigration-related issues through its distribution of written materials, including NIPNLG's website, and through the public and educational appearances. NYU School of Law is a 501(c)(3) organization. Professor Satterthwaite's research is frequently published in open-access and academic settings. The requested information is sought for the purpose of disseminating it to members of the public, including through posting it on NIPNLG's website and other publications, and not for the purpose of commercial gain.

**Expedited Processing**

Expedited processing is warranted because there is a "compelling need," *see* 5 U.S.C. § 552(a)(6)(E)(i)(I), namely "an urgency to inform the public about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). Should you determine that expedited processing is not warranted, while reserving our right to appeal that decision, requestors expect a response within the twenty-day time limit set forth under 5 U.S.C. § 552(a)(6)(A)(ii). The information sought is significant

Exhibit 1-3

Freedom of Information Act Request
November 22, 2017
Page 4


given the tens of thousands of Haitian nationals who could be forced to return to a devastated Haiti, where there is an imminent threat to their lives and physical safety. The records sought will help the general public understand the basis and the standards used for the government's decision to terminate TPS status for nationals for Haiti. Dissemination of the requested information will benefit public discourse on an issue of significant national interest.

**Address for Productions**

Please email responsive documents to Sejal Zota at sejal@nipnlg.org or via U.S. mail at the following address:

> Sejal Zota
> National Immigration Project of the National Lawyers Guild
> 14 Beacon Street, Suite 602
> Boston, MA 02108

I certify that the information contained in this request is true and correct to the best of my knowledge. *See* 6 C.F.R. § 5.5(d)(3).

Thank you for your time and attention to this matter. Should you have any questions regarding this request, please contact Sejal Zota at 919-698-5015.


Sincerely,


Sejal Zota
National Immigration Project
  of the National Lawyers Guild
14 Beacon Street, Suite 602
Boston, MA 02108

Margaret Satterthwaite
Professor of Clinical Law
NYU School of Law
245 Sullivan Street
New York, NY 10012


Exhibit 1-4