# Exhibit 8

**Sejal Zota**
_____

| | |
|---|---|
| **From:** | Sejal Zota |
| **Sent:** | Friday, December 1, 2017 4:26 PM |
| **To:** | 'FOIArequest' |
| **Subject:** | RE: Your FOIA Request Letter-- Please respond |
| **Attachments:** | FOIA DOS clarification 12-1.pdf |

December 1, 2017

*VIA ELECTRONIC MAIL*

FOIA Officer, U.S. Department of State
Office of Information Programs and Services
A/GIS/IPS/RL
SA-2, Suite 8100
Washington, D.C. 20522-0208


          Re:     **DOS FOIA Case Number: F-2017-17275**

Dear FOIA Officer:

On November 27, 2017, we, the National Immigration Project of the National Lawyers Guild (NIPNLG) and Professor Margaret Satterthwaite, submitted a request via email under the Freedom of Information Act (FOIA) to the Department of State (DOS) seeking records regarding the termination of the Temporary Protected Status (TPS) designation for Haiti.

In an email dated November 30, 2017, you asked us to "narrow the subject" of our request and to "identify the specific individual/individuals employed by the Department of State who may have sent or received communications, as well as the individuals at other agencies who may have sent communications."

Per your request, we seek communications regarding TPS for Haiti sent or received by all DOS personnel who were involved in the assessment of whether to extend TPS for nationals of Haiti, including but not limited to:

Rex Tillerson, Secretary of State

John Sullivan, Deputy Secretary of State

Thomas Shannon, Under Secretary of State for Political Affairs

Francisco Palmieri, Deputy Assistant Secretary, Bureau of Western Hemisphere Affairs

Kenneth Merten, Deputy Assistant Secretary, Bureau of Western Hemisphere Affairs and Haiti Special Coordinator

Simon Henshaw, Deputy Assistant Secretary, Bureau of Population, Refugees, and Migration

Randy Berry, Deputy Assistant Secretary, Bureau of Democracy, Human Rights, and Labor

1

Exhibit 8 - 1

Scott Busby, Deputy Assistant Secretary, Bureau of Democracy, Human Rights, and Labor

Robin Diallo, Chargé d'Affaires, U.S. Embassy in Haiti

Michele Sison, Ambassador to Haiti

We seek communications involving these individuals as well as any prior officials who may have held these positions after January 20, 2017.

We expect a response to the request within 20 working days, as FOIA requires. *See* 5 U.S.C. § 552(a)(6)(A)(i). Thank you for your time and attention to this matter. Should you have any questions regarding this request, please contact Sejal Zota at 919-698-5015.

Sincerely,

Sejal Zota
National Immigration Project
  of the National Lawyers Guild
14 Beacon Street, Suite 602
Boston, MA 02108

Margaret Satterthwaite
Professor of Clinical Law
NYU School of Law
245 Sullivan Street
New York, NY 10012

2

Exhibit 8 - 2

**From:** FOIArequest [mailto:FOIArequest@state.gov]
**Sent:** Thursday, November 30, 2017 10:52 AM
**To:** sejal@nipnlg.org
**Subject:** RE: Your FOIA Request Letter-- Please respond

Dear Mr. Zota,

Thank you for your letter of November 27, 2017 concerning the TPS for Haitians. It has been received by the Office of Information Programs and Services at the Department of State, and assigned case number F-2017-17275.

Before we can begin processing your request, **we ask that you narrow the subject.** For e-mails/communications, please identify the specific individual/individuals employed by the Department of State who may have sent or received communications, as well as the individuals at other agencies who may have sent communications. Kindly respond by close of business tomorrow, December 1, 2017.

Sincerely,

Requester Communications Branch


**From:** State Department FOIA [mailto:noreply@mail.foia.state.gov]
**Sent:** Monday, November 27, 2017 10:33 AM
**To:** FOIArequest <FOIArequest@state.gov>
**Subject:** FOIA Request Letter

Thank you for filing your FOIA request online on 11/27/2017. Here is a review of your request.

The records I request can be described as follows:

November 24, 2017 VIA ELECTRONIC MAIL AND U.S. CERTIFIED MAIL/RETURN RECEIPT Sam Kaplan, Chief Privacy Officer/Chief FOIA Officer The Privacy Office U.S. Department of Homeland Security 245 Murray Drive SW, Building 410 STOP-655 Washington, DC 20528-0655 foia@hq.dhs.gov Catrina Pavlik-Keenan, FOIA Officer U.S. Immigration and Customs Enforcement 500 12th Street, SW, Stop 5009 Washington, DC 20536-5009 ice-foia@dhs.gov Jill Eggleston, FOIA Officer U.S. Citizenship and Immigration Services National Records Center, FOIA/PA Office P. O. Box 648010 Lee's Summit, MO 64064-8010 uscis.foia@uscis.dhs.gov FOIA Officer U.S. Department of State Office of Information Programs and Services A/GIS/IPS/RL SA-2, Suite 8100 Washington, D.C. 20522-0208 Fax: (202) 261-8579 Re: Freedom of Information Act Request Dear FOIA Officer: The National Immigration Project of the National Lawyers Guild (NIPNLG) and Professor Margaret Satterthwaite submit this request for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, et seq. NIPNLG is a national non-profit that provides technical and litigation support to immigrant communities, legal practitioners, and advocates seeking to advance the rights of noncitizens. Professor Satterthwaite is a clinical law professor who directs a human rights clinic and conducts academic and applied research related to human rights issues. A significant strand of her ongoing clinical work and academic research relates to Haiti and Haitian immigrants in the United States. This request seeks information regarding the decision to terminate the Temporary Protected Status (TPS) designation for Haiti under § 244(b)(3) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254a(b)(3). NIPNLG and Professor Satterthwaite seek a fee waiver, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Records Requested Requestors through this FOIA request the following records, which have been prepared, received, transmitted,

3

Exhibit 8 - 3

collected and/or maintained by the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), U.S. Citizenship and Services (USCIS), and Department of State (DOS): 1. All records relating to any recommendation made by any employee of the DHS, USCIS, ICE, or DOS for the extension or redesignation of TPS for nationals of Haiti since January 20, 2017; 2. All records relating to any recommendation made by any employee of USCIS, DHS, ICE, or DOS for the termination of TPS for nationals of Haiti since January 20, 2017; 3. All records relating to correspondence and/or communications between any employee of USCIS, DHS, or ICE and any employee of DOS regarding TPS for nationals of Haiti since January 20, 2017; 4. All records relating to any recommendation made by any persons tasked with developing TPS policy or directives from the White House to any employee of USCIS, DHS, ICE, or DOS regarding the termination of TPS for nationals of Haiti since January 20, 2017; 5. All other records relating to correspondence and/or communications between any employee of USCIS, DHS, ICE, or DOS and any White House personnel regarding TPS for nationals of Haiti since January 20, 2017; 6. All records relating to correspondence and/or communications from President Trump's Cabinet to any employee of USCIS, DHS, ICE, or DOS regarding TPS for nationals of Haiti since January 20, 2017; 7. All records relating to correspondence and/or communications from Department of Justice (DOJ) officials to any employee of USCIS, DHS, ICE, or DOS regarding TPS for nationals of Haiti since January 20, 2017; 8. All records pertaining to current country conditions of Haiti, including but not limited to those compiled by United States Agency for International Development (USAID), since November 1, 2016; 9. All records relating to correspondence and/or communications between any employee of USCIS, DHS, ICE, or DOS and Haitian leaders, including but not limited to Haitian Foreign Minister Antonio Rodrigue and Haitian Ambassador Paul Altidor, regarding the extension, redesignation, or termination of TPS for Haitian nationals; 10. All records since January 20, 2017 relating to any inquiry or request made by Kathy Nuebel Kovarik, Chief of USCIS Office of Policy and Strategy, concerning the criminal history of nationals of Haiti with TPS, including any communications and/or correspondence with John Kelly, former Secretary of the DHS and with Elaine Duke, Acting Director of DHS. 11. All records relating to any inquiry or request made by or to any employee of USCIS, DHS, ICE, or DOS concerning the criminal history of nationals of Haiti with TPS, including any communications and/or correspondence with White House personnel and/or DOJ officials; 12. All records relating to any response made by any employee of USCIS, DHS, ICE, or DOS to the inquiries referenced in Requests #10 and 11, including but not limited to any data or information responsive to the inquiry; 13. All records relating to any inquiry or request made by Kathy Nuebel Kovarik, Chief of USCIS Office of Policy and Strategy, concerning whether, when, and how nationals of Haiti with TPS have used any type of public benefit; 14. All records relating to any inquiry or request made by or to any employee of USCIS, DHS, ICE, or DOS concerning whether, when, and how nationals of Haiti with TPS have used any type of public benefit; 15. All records relating to any response made by any employee of USCIS, DHS, ICE, or DOS to the inquiry referenced in Requests #13 and 14, including but not limited to any data or information responsive to the inquiry; 16. All records since January 1, 2010 relating to and including previous recommendations and standards to extend and redesignate TPS for the nationals of Haiti; 17. All records relating to any policy, guidance, directives, and/or memoranda issued since January 1, 2010 pertaining to the country conditions in Haiti and the use of this information in the determination of designating, redesignating, extending, or terminating TPS for the nationals of Haiti; 18. All records relating to the number of Haitian nationals with TPS who are employed by small businesses, small non-profit organizations, and small jurisdictions of government; and 19. All records relating to any analysis of the potential economic impacts on small businesses, small non-profit organizations, and small jurisdictions of government of the termination of TPS for nationals of Haiti. If under applicable law any of the information requested is considered exempt, please describe in detail the nature of the information withheld, the specific exemption or privilege upon which the information is withheld, and whether the portions of withheld documents containing non-exempt or non-privileged information have been provided. Thank you in advance for your response to this request within twenty business days, as FOIA requires. See 5 U.S.C. § 552(a)(6)(A)(i). Requestors ask that DHS, DOS, ICE, and USCIS produce the requested records in an electronic format or on a compact disc. If any of the requested records or information is not kept in a succinct format, we request the opportunity to view the documents in your offices. Request for Waiver of Fees Requestors are an organization that works on behalf of immigrant communities and a law school clinical professor. They ask that the agency

Exhibit 8 - 4

waive all fees associated with this request. Requestor Professor Satterthwaite, as a clinical professor appointed by an educational institution, is exempted from liability for search costs under OMB guidelines. See 6 C.F.R. § 5.11(d). In addition, both requestors are entitled to a waiver of all costs because disclosure of the information is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). See also 6 C.F.R. § 5.11(k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution). A fee waiver also would fulfill Congress' intent in amending the FOIA. See Judicial Watch, Inc. v. Rossoti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (discussing that Congress intended the FOIA to be construed broadly to favor fee waiver for noncommercial requests). In addition, NIPNLG and Professor Satterthwaite also both have the ability to widely disseminate the requested information. See Judicial Watch, 326 F.3d at 1301 (finding a fee waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received). A. Disclosure of the Information Is in the Public Interest Disclosure of the requested information will contribute significantly to the public understanding of government operations and activities regarding its determination of terminating TPS for nationals of Haiti. 6 C.F.R. § 5.11(k)(2). The requested information impacts tens of thousands of Haitian nationals who have lived and worked in the United States for many years and, in July of 2019, may be deported to a country whose current conditions pose a risk to their health and safety. The information sought is thus of great interest to the public at large, but not available in the public domain. NIPNLG and Professor Satterthwaite have the capacity and intent to disseminate widely the requested information to the public. NIPNLG and Professor Satterthwaite will review, analyze and/or summarize the information obtained through this FOIA. In addition, NIPNLG and Professor Satterthwaite will speak publicly and publish practice advisories or related written materials to be shared with the public, organizational members and the academic community. NIPNLG will make the information available through its website, which is accessible by any member of the public. Finally, NIPNLG and Professor Satterthwaite have frequent contact with national print and news media and plan to share information gleaned from FOIA disclosures with interested media. B. Disclosure of the Information Is Not Primarily in the Commercial Interest of the Requester Requestors are tax-exempt, not-for-profit educational, charitable organizations or affiliated with such organizations. NIPNLG is a 501(c)(3) organization. Attorneys, noncitizens and any other interested members of the public may obtain information about immigration-related issues through its distribution of written materials, including NIPNLG's website, and through the public and educational appearances. NYU School of Law is a 501(c)(3) organization. Professor Satterthwaite's research is frequently published in open-access and academic settings. The requested information is sought for the purpose of disseminating it to members of the public, including through posting it on NIPNLG's website and other publications, and not for the purpose of commercial gain. Expedited Processing Expedited processing is warranted because there is a "compelling need," see 5 U.S.C. § 552(a)(6)(E)(i)(I), namely "an urgency to inform the public about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). Should you determine that expedited processing is not warranted, while reserving our right to appeal that decision, requestors expect a response within the twenty-day time limit set forth under 5 U.S.C. § 552(a)(6)(A)(ii). The information sought is significant given the tens of thousands of Haitian nationals who could be forced to return to a devastated Haiti, where there is an imminent threat to their lives and physical safety. The records sought will help the general public understand the basis and the standards used for the government's decision to terminate TPS status for nationals of Haiti. Dissemination of the requested information will benefit public discourse on an issue of significant national interest. Address for Productions Please email responsive documents to Sejal Zota at sejal@nipnlg.org or via U.S. mail at the following address: Sejal Zota National Immigration Project of the National Lawyers Guild 14 Beacon Street, Suite 602 Boston, MA 02108 I certify that the information contained in this request is true and correct to the best of my knowledge. See 6 C.F.R. § 5.5(d)(3). Thank you for your time and attention to this matter. Should you have any questions regarding this request, please contact Sejal Zota at 919-698-5015. Sincerely, Sejal Zota National Immigration Project of the National Lawyers Guild 14 Beacon Street, Suite 602 Boston, MA 02108 Margaret Satterthwaite Professor of Clinical Law NYU School of Law 245 Sullivan Street New York, NY 10012 cc: Department of Homeland Security U.S. Immigration and Customs Enforcement U.S. Citizenship and Services

5

Exhibit 8 - 5

Department of State

The time period of my request is from 11/01/2016 to 11/24/2017

I am affiliated with an educational or noncommercial scientific institution seeking information for a scholarly or scientific purpose and not for commercial use.
Additional documentation will be required.


I am willing to pay $25 for my request.

I request a waiver of all fees for this request.
Reason: Request for Waiver of Fees Requestors are an organization that works on behalf of immigrant communities and a law school clinical professor. They ask that the agency waive all fees associated with this request. Requestor Professor Satterthwaite, as a clinical professor appointed by an educational institution, is exempted from liability for search costs under OMB guidelines. See 6 C.F.R. § 5.11(d). In addition, both requestors are entitled to a waiver of all costs because disclosure of the information is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). See also 6 C.F.R. § 5.11(k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution). A fee waiver also would fulfill Congress' intent in amending the FOIA. See Judicial Watch, Inc. v. Rossoti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (discussing that Congress intended the FOIA to be construed broadly to favor fee waiver for noncommercial requests). In addition, NIPNLG and Professor Satterthwaite also both have the ability to widely disseminate the requested information. See Judicial Watch, 326 F.3d at 1301 (finding a fee waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received). A. Disclosure of the Information Is in the Public Interest Disclosure of the requested information will contribute significantly to the public understanding of government operations and activities regarding its determination of terminating TPS for nationals of Haiti. 6 C.F.R. § 5.11(k)(2). The requested information impacts tens of thousands of Haitian nationals who have lived and worked in the United States for many years and, in July of 2019, may be deported to a country whose current conditions pose a risk to their health and safety. The information sought is thus of great interest to the public at large, but not available in the public domain. NIPNLG and Professor Satterthwaite have the capacity and intent to disseminate widely the requested information to the public. NIPNLG and Professor Satterthwaite will review, analyze and/or summarize the information obtained through this FOIA. In addition, NIPNLG and Professor Satterthwaite will speak publicly and publish practice advisories or related written materials to be shared with the public, organizational members and the academic community. NIPNLG will make the information available through its website, which is accessible by any member of the public. Finally, NIPNLG and Professor Satterthwaite have frequent contact with national print and news media and plan to share information gleaned from FOIA disclosures with interested media. B. Disclosure of the Information Is Not Primarily in the Commercial Interest of the Requester Requestors are tax-exempt, not-for-profit educational, charitable organizations or affiliated with such organizations. NIPNLG is a 501(c)(3) organization. Attorneys, noncitizens and any other interested members of the public may obtain information about immigration-related issues through its distribution of written materials, including NIPNLG's website, and through the public and educational appearances. NYU School of Law is a 501(c)(3) organization. Professor Satterthwaite's research is frequently published in open-access and academic settings. The requested information is sought for the purpose of disseminating it to members of the public, including through posting it on NIPNLG's website and other publications, and not for the purpose of commercial gain.

I have a compelling need for expeditious handling:
- An urgency to inform the public concerning actual or alleged Federal Government activity exists.

Exhibit 8 - 6

This option available for ONLY PERSONS PRIMARILY ENGAGED IN DISSEMINATING INFORMATION.

- Expedited processing is warranted because there is a "compelling need," see 5 U.S.C. § 552(a)(6)(E)(i)(I), namely "an urgency to inform the public about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). Should you determine that expedited processing is not warranted, while reserving our right to appeal that decision, requestors expect a response within the twenty-day time limit set forth under 5 U.S.C. § 552(a)(6)(A)(ii). The information sought is significant given the tens of thousands of Haitian nationals who could be forced to return to a devastated Haiti, where there is an imminent threat to their lives and physical safety. The records sought will help the general public understand the basis and the standards used for the government's decision to terminate TPS status for nationals of Haiti. Dissemination of the requested information will benefit public discourse on an issue of significant national interest.

My additional comments are as follows:

N/A

Contact Information
Ms. Sejal Zota
14 Beacon St.
boston, Massachusetts 02108
P: (617) 227-9727
F: (617) 227-5495
sejal@nipnlg.org
**Official**
**UNCLASSIFIED**

7

Exhibit 8 - 7