February 16, 2018

The Hon. Judge Ronnie Abrams
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

RE:    *Nat'l Immigration Project, et al. v. U.S. Dep't of Homeland Sec., et al.*,
       **No. 18 Civ. 659 (RA) Joint Letter of the Parties**

Dear Judge Abrams,

The Parties respectfully submit the following joint letter pursuant to Your Honor's Order dated February 2, 2018.

## I.    Plaintiffs' statement of the nature of the action

This case involves a Freedom of Information Act ("FOIA") request for documents relating to the Department of Homeland Security's decision to terminate the Temporary Protected Status ("TPS") designation of Haiti. TPS is a form of immigration relief granted to eligible nationals of countries that, in the opinion of the Secretary of Homeland Security, are unable to ensure the personal safety of their nationals due to ongoing armed conflict, an environmental disaster, an epidemic, or other "extraordinary and temporary conditions." *See* 8 U.S.C. § 1254a. In consultation with other government agencies, the Secretary reviews TPS designations to determine if the conditions for TPS continue to be met. If so, the period of designation is extended for up to eighteen months. *See* 8 U.S.C. § 1254a(b)(3)(A)–(C). Haiti was designated as a TPS country on January 21, 2010, following a severe earthquake that devastated the country. TPS for Haiti was subsequently redesignated in 2011 and extended four additional times, most recently on May 24, 2017. *See* 82 Fed. Reg. 23830-31 (May 24, 2017). On November 20, 2017, Acting Secretary of Homeland Security Elaine Duke announced her decision to terminate the TPS designation for Haiti. *See* Press Release, U.S. DHS, Acting Secretary Elaine Duke Announcement on Temporary Protected Status for Haiti (Nov. 20, 2017). The decision was published in the Federal Register on January 18, 2018. *See* 83 Fed. Reg. 2648 (Jan. 18, 2018).

On November 22, 2017, Plaintiffs submitted a request to the Department of Homeland Security ("DHS") under FOIA, 5 U.S.C. § 552, for records relating to the facts and standard applied by DHS in its termination of TPS for Haitian nationals. The request asked DHS for: (1) "[a]ll records sent by or to Elaine Duke, Acting Director of the DHS, relating to TPS for nationals of Haiti, including but not limited to the extension, redesignation, or termination of TPS for Haitian nationals"; and (2) "[a]ll records relating to and including a letter dated on or about October 31, 2017 from Secretary of State Rex Tillerson to Elaine Duke, Acting Director of [DHS], informing her that conditions in Haiti no longer justify its TPS designation." On November 28, 2017, DHS acknowledged receipt of this request and also informed Plaintiffs that Item One of the request was too broad and asked for the request to be resubmitted with a time period. Plaintiffs responded on December 1, 2017, clarifying that for Item One they "seek

records between April 4, 2017 and November 22, 2017." Plaintiffs have since received no additional communications from DHS.

On November 24, 2017, Plaintiffs submitted a second and longer FOIA request to DHS, U.S. Citizenship and Immigration Service ("CIS"), the Department of State ("DOS"), and U.S. Immigration and Customs Enforcement ("ICE"), seeking records relating to correspondence, inquiries and recommendations between employees of those agencies relevant to DHS' decision to terminate TPS for Haiti. While the agencies acknowledged receipt of the request, they have not yet produced any documents.[1] On January 25, 2018, Plaintiffs filed the present action requesting this Court declare Defendants' withholding of the requested records unlawful, order Defendants to conduct a full, adequate, and expedited search and make available all records responsive to the Requests, award Plaintiffs their costs and reasonable attorneys' fees, and grant such other relief as the Court deems just and proper. On February 15, 2018 Plaintiffs filed an amended complaint to add CIS as a party.[2]

Plaintiffs have proposed to Defendants a staggered search for documents. First, plaintiffs requested that the government produce by Wednesday, February 21, a specific set of documents including the letter dated approximately 10/31/17 from Secretary Tillerson to Acting Secretary Duke, together with the packets of documents reviewed by: (1) Secretary Tillerson prior to his 10/31/17 letter to Acting Secretary Duke; (2) Acting Secretary Duke prior to her 11/20/17 announcement; and (3) Secretary Nielsen prior to the 1/18/18 publication of the termination of TPS for Haiti in the Federal Register.

Plaintiffs have also asked that the agencies begin their initial searches and that the agencies assign internally consistent codes to any individuals whose names are redacted so that plaintiffs may identify, by these codes, individuals who are likely to have responsive documents meriting further search.

Plaintiffs contest Defendants' assertion that their requests would impose an undue burden. Plaintiffs' First Request referred to a specific October 31, 2017 letter between Secretary of State Rex Tillerson and Elaine Duke as well as documents to and from Elaine Duke on a specific topic. Defendants do not address the ease with which they could reasonably be expected to have already searched for and identified these documents, which were requested over three months ago. With respect to the second request, Plaintiffs believe that defendants are greatly exaggerating the breadth of the request, which provided direction on relevant documents. Plaintiffs also clarified in a February 13 letter that they will prioritize production of the above mentioned discrete documents. In the same letter, Plaintiffs expressed their willingness to agree upon a timeline for subsequent series of production. Finally, Plaintiffs are amenable to

---

[1] CIS also acknowledged receipt of the request, but asked for an additional 10 business days to process the request. On November 29, 2017, DHS acknowledged receipt and requested that Plaintiffs resubmit the request with a reasonable description of the records sought. Plaintiffs replied on December 4, 2017, narrowing the request. On November 30, 2017, DOS acknowledged receipt and requested that Plaintiffs narrow the subject. Plaintiffs replied on December 1, 2017, narrowing the request. Finally, on December 12, 2017, ICE acknowledged receipt and invoked a ten-day extension pursuant to 5 U.S.C. § 552(a)(6)(B). Plaintiffs received no further communication from DHS, DOS or ICE.

[2] The original complaints did not name CIS as a party because its response to Plaintiffs' FOIA request was not due until January 31, 2018, and the original complaint was filed on January 25, 2018.

negotiating the staging of the search by time-period or office searched and identifying individuals most likely to have responsive information, but are limited by their lack of understanding of the internal workings of Defendants' data systems. In a February 13 letter Plaintiffs requested additional information to aid in the formulating of search proposals.

Regardless, it will be Defendants' burden to challenge the scope of the request. *See, e.g., Ruotolo v. Dep't of Justice, Tax. Div.*, 53 F.3d 4, 9 (2d Cir. 1995) (requiring agency to demonstrate that search was unreasonably burdensome). Especially in light of Plaintiffs' willingness to narrow the initial production to three packages, it would be unreasonable to offer the agencies extensive time to search and produce on the theory that the requests impose an undue burden. *See Public Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 7 (D.D.C. 2003) (holding that, absent a detailed explanation, a search of 25,000 paper files was not unduly burdensome).

Plaintiffs note further that Defendants have failed to comply with their requirement to "determine within 20 days . . . after the receipt of [a] request whether to comply with such request." 5 U.S.C. § 552(a)(6)(A)(i); *see Nat'l Sec. Counselors v. C.I.A.*, 960 F. Supp. 2d 101, 146 (D.D.C. 2013) ("Compliance with the statutory timeframe . . . is not an undue burden; it is a burden that Congress expects agencies to bear."). This provision "requires that, within the relevant time period, an agency must determine whether to comply with a request—that is, whether a requester will receive all the documents the requester seeks. It is not enough that, within the relevant time period, the agency simply decide to decide later." *Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n ("CREW")*, 711 F.3d 180, 186 (D.C. Cir. 2013). "[T]he agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.* at 188; *see also Nat'l Day Laborer Org. Network v. U.S. Immigration and Customs Enforcement*, 236 F. Supp. 3d 810, 814 (S.D.N.Y. 2017) (citing to *CREW*'s definition of "determination").[3]

## II.    Defendants' statement of the principal defenses

Plaintiffs' initial complaint named only DHS, ICE, and DOS. On February 14, 2018, Plaintiffs amended their complaint to add CIS as a defendant. Defendants' deadline for answering Plaintiffs' amended complaint is March 1, 2018. *See* 5 U.S.C. § 552(a)(4)(C); Fed. R. Civ. P. 15(a)(3). Because Defendants continue to review the complaint and Plaintiffs' requests, they may identify additional defenses beyond those described below.

Defendants note that FOIA "recognizes that agencies may not always be able to adhere to the timelines" that apply at the administrative level. *CREW*, 711 F.3d at 189. If an agency does not comply with the twenty-day deadline for responding to a FOIA request, "the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting

---

[3] The Court in *Nat'l Day Laborer Org* further cited *CREW* for the proposition that "[a]s to actual production, FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Nat'l Day Laborer Org. Network*, 236 F. Supp. 3d 810 at 815.

into court." *Id.* Defendants do not intend to argue that Plaintiffs have not exhausted their administrative remedies. After a plaintiff has filed a lawsuit, the Court does not impose a twenty-day deadline, but instead "will supervise the agency's ongoing progress" to ensure that it "exercise[s] due diligence." *Id.* Even in cases of expedited processing, an agency need only process requests "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii). As described below, Plaintiffs' proposed deadlines are not reasonably practicable.

Defendants' are prepared to negotiate with Plaintiffs in good faith to narrow the FOIA request and produce responsive, non-exempt records as quickly as reasonably practicable. In their view, however, Plaintiffs' second request is not framed "with sufficient particularity to ensure that searches are not unreasonably burdensome." *Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) (quotation marks omitted); *see also Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enforcement*, No 16 Civ. 387 (KBF), 2017 WL 1494513, at *11 (S.D.N.Y. Apr. 19, 2017) ("An agency need not respond to a request that is so broad as to impose an unreasonable burden upon the agency . . . ." (internal quotation marks and alterations omitted)). Specifically, Plaintiffs' second request seeks either "[a]ll records" or all "correspondence and/or communications" from "any employee" of Defendants on nineteen different topics, including "TPS for nationals of Haiti since January 20, 2017," "current country conditions of Haiti," and "previous recommendations and standards to extend and redesignate TPS for the nationals of Haiti," going back to January 1, 2010. *See* Cmplt. ¶¶ 58, 61. While Plaintiffs purported to narrow their second request after DHS and DOS asked them to do so, Defendants believe that the narrowing consisted entirely of deleting the words "all records relating to" before phrases such as "correspondence and/or communications" and identifying a non-exclusive list of ten officials at DOS whose communications should be reviewed. *Id.* ¶ 61. As a result, Plaintiffs' second request continues to seek broad swaths of information from numerous potential custodians. In such circumstances, while Defendants are "obliged to pursue any 'clear and certain' lead [they] cannot in good faith ignore," they "need not conduct a search that plainly is unduly burdensome." *Halperin v. FBI*, 181 F.3d 279, 288 (2d Cir. 1999).

In light of the undue burden imposed by Plaintiffs' second request, Defendants believe that the parties should first negotiate the scope of that request so that Defendants can conduct a reasonable search. Such negotiations will expedite the production of responsive, non-exempt records by (1) allowing the Plaintiffs to clarify what records they are seeking and regard as most important, and (2) reducing the likelihood of a future dispute over the adequacy of Defendants' searches. Defendants also anticipate that some, and possibly a substantial number, of the responsive records are likely to be exempt from disclosure in whole or in part. *See* 5 U.S.C. § 552(b). Specifically, Defendants anticipate that portions of the requested records may be classified, and thus exempt under § 552(b)(1), because they pertain to foreign government information or foreign relations. *See* Exec. Order No. 13526 § 1.4, 75 Fed. Reg. 707, 709 (Dec. 29, 2009). Other records may be exempt from disclosure by statute under § 552(b)(3), deliberative or otherwise privileged under § 552(b)(5), invasive of individuals' personal privacy under § 552(b)(6), or protected law enforcement records under § 552(b)(7).

### III.   A brief description of all contemplated and/or outstanding motions.

The Parties have filed no motions as of February 16, 2018. Going forward, Plaintiffs' motions will depend on the speed and adequacy of the search and the exemptions claimed.

4

Defendants note that it may be necessary to engage in motion practice if the parties are unable to agree upon a proposed schedule for the processing and production of responsive, non-exempt records.

### IV.    A proposed schedule for the case going forward.

Plaintiffs are of the view that Defendants have failed to produce documents as required by statute and that given the urgency of the issue, and the fact that the basis for termination is of high public interest, the proceedings should be expedited. As such, Plaintiffs request production of the three document packages mentioned above presented to the Acting Secretary Elaine Duke, Secretary of State Rex Tillerson and Secretary Nielsen by Wednesday, February 21, 2018. Plaintiffs also request that Defendants conduct an initial search by March 1, 2018. Plaintiffs are under no responsibility to propose search terms but are willing to cooperate and discuss this issue. To do so, Plaintiffs first need answers to the questions provided to Defendants in the Proposal Letter sent on February 13, 2018. Plaintiffs thus request that the Court schedule a date by which Defendants will produce documents.

Defendants have begun efforts to locate records that are responsive to the narrowed request that Plaintiffs identified on February 13th, but respectfully submit that February 21st is not a reasonable deadline. Plaintiffs seek documents from the offices of the Secretaries of State and Homeland Security, and such documents receive multiple levels of review. Moreover, the documents in question likely contain materials from other agencies, and thus also require external review. Defendants note that they receive tens of thousands of FOIA requests each year, and are currently under court-ordered deadlines in other cases. Additionally, Defendants submit that entering a production schedule with respect to other documents would be premature. Instead, Defendants request that the Court give the parties thirty days to negotiate the scope of the requests, and to attempt to agree on a production schedule that accounts for the breadth of the requests and the availability of resources at the respective agencies to search for and review responsive records.

### IV. Any other information that the parties believe may assist the Court

Plaintiffs believe that the public has a vital interest in the release of the requested documents, which would illuminate the Government's operations and activities surrounding its termination of TPS for Haiti, a decision with considerable political reverberations made yet more pressing by ongoing legislative proposals. *See U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 497 (1994) (referring to FOIA's main purpose of "contributing significantly to public understanding of the operations or activities of the government") (citation omitted).

Defendants submit that their proposed approach will lead to the efficient processing of the records that Plaintiffs seek and respectfully request that any schedule in this case take account of Defendants' obligations to other requestors, "the administrative challenges inherent in processing a large number of FOIA requests[,] and the time constraints that competing requests and/or court orders can present." *Brennan Ctr. for Justice v. U.S. Dep't of Justice*, No. 17 Civ. 6335 (KBF), 2018 WL 637424 (S.D.N.Y. Jan. 31, 2018).

Respectfully submitted,


_____
Nancy Morawetz
Jessica Rofé
Fatima Carrillo, Legal Intern
Nora Searle, Legal Intern
Kevin Siegel, Legal Intern
Sarah Thompson, Legal Intern
WASHINGTON SQUARE LEGAL
SERVICES, INC.
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, NY 10012
nancy.morawetz@nyu.edu
jessica.rofe@nyu.edu

Sejal Zota
Elizabeth Simpson*
NATIONAL IMMIGRATION
PROJECT OF THE NATIONAL
LAWYERS GUILD
14 Beacon Street, Suite 602
Boston, MA 02108
(617) 227-9727
sejal@nipnlg.org
*application for *pro hac vice*
admission forthcoming

*Attorneys for Plaintiffs*

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____
CALEB HAYES-DEATS
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2699
Fax: (212) 637-2686
caleb.hayes-deats@usdoj.gov

*Attorney for Defendants*

6