GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: CALEB HAYES-DEATS
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2699
Fax: (212) 637-2686
caleb.hayes-deats@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD, and MARGARET SATTERTHWAITE,<br><br>        Plaintiffs,<br><br>        vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF STATE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendants. | No. 18 Civ. 659 (RA)<br><br>ANSWER |

Defendants the United States Department of Homeland Security ("DHS"), the United States Department of State ("State"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Citizenship and Immigration Services ("CIS," and collectively, "Defendants"), by and through their attorney, Geoffrey S. Berman, the United States Attorney for the Southern District of New York, answer the amended complaint on information and belief as follows:

1.      Paragraph 1 contains a characterization of this action, to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations as vague and argumentative.

2.      Paragraph 2 sets forth legal conclusions, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to 8 U.S.C. § 1254a and other legal authorities governing temporary protected status ("TPS") for a true and complete statement of their contents.

3.      Paragraph 3 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that the Secretary of Homeland Security designated Haiti for TPS on January 21, 2010. *See* Designation of Haiti for Temporary Protected Status, 75 Fed. Reg. 3,476, 3,476–77 (Jan. 21, 2010). Defendants respectfully refer the Court to that designation for a true and complete statement of its contents. Defendants further admit that the Secretary of Homeland Security extended the designation of Haiti for TPS on October 1, 2012, March 3, 2014, and August 25, 2015. *See* Extension of the Designation of Haiti for Temporary Protected Status, 80 Fed. Reg. 51,582, 51,582–83 (Aug. 25, 2015); Extension of the Designation of Haiti for Temporary Protected Status, 79 Fed. Reg. 11,808, 11,808–09 (Mar. 3, 2014); Extension of the Designation of Haiti for Temporary Protected Status, 77 Fed. Reg. 59,943, 59,943 (Oct. 1, 2012). Defendants respectfully refer the Court to those extensions for a true and complete statement of their contents.

4.      Paragraph 4 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that, on May 24, 2017, then-Secretary of Homeland Security John F.

2

Kelly extended the designation of Haiti for TPS by six months. *See* Extension of the Designation of Haiti for Temporary Protected Status, 82 Fed. Reg. 23,830, 23,830 (May 24, 2017). Defendants respectfully refer the Court to that extension for a true and complete statement of its contents. Defendants further admit that Secretary Kelly testified before the U.S. Senate Committee on Homeland Security & Governmental Affairs on June 6, 2017, and respectfully refer the Court to that testimony for a true and complete statements of its contents. *See* https://www.hsgac.senate.gov/hearings/the-department-of-homeland-security-fiscal-year-2018-budget-request.

5.      Defendants admit the allegations in paragraph 5.

6.      Paragraph 6 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that then-Acting Secretary of Homeland Security Elaine Duke issued a press release on November 20, 2017, announcing her decision to terminate TPS for Haiti as of July 22, 2019. *See* https://www.dhs.gov/news/2017/11/20/acting-secretary-elaine-duke-announcement-temporary-protected-status-haiti. Defendants respectfully refer the Court to that press release for a true and complete statement of its contents. The second sentence of paragraph 6 contains a characterization of then-Secretary Duke's press release, to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in the second sentence of paragraph 6. Finally, Defendants admit that Deputy Secretary Elaine Duke published a notice terminating the designation of Haiti for TPS on January 18, 2018. *See* Termination of the Designation of Haiti for Temporary Protected Status, 83 Fed. Reg. 2,648, 2,648 (Jan. 18, 2018). Defendants respectfully refer the Court to that notice for a true and complete statement of its contents. The third sentence of paragraph 6 contains a characterization

of the Federal Register notice, to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in the third sentence of paragraph 6.

7.      The first sentence of paragraph 7 sets forth a legal conclusion, to which no response is required. The second sentence of paragraph 7 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in the second sentence as vague and argumentative.

8.      Paragraph 8 sets forth Plaintiffs' characterization of its reason for bringing this lawsuit, to which no response is required. To the extent a response is deemed to be required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Defendants admit that Plaintiffs submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to DHS on November 22, 2017. Defendants respectfully refer the Court to that request for a true and complete statement of its contents. *See* Dkt. No. 30-1. Defendants further admit that Plaintiffs submitted a second FOIA request to DHS, State, ICE, and CIS on November 24, 2017. Defendants respectfully refer the Court to that second request for a true and complete statement of its contents. *See* Dkt. No. 30-4. In all other respects, Defendants deny the allegations in paragraph 9.

10.     Paragraph 10 contains conclusions of law and Plaintiffs' characterization of their purposes for bringing this suit, to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in paragraph 10.

11.     Defendants admit the allegations in paragraph 11.

12.    Defendants deny the allegations in the first sentence of paragraph 12. The second sentence of paragraph 12 sets forth Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed to be required, Defendants deny that Plaintiffs are entitled to the requested relief or to any relief.

## JURISDICTION AND VENUE[1]

13.    Paragraph 13 sets forth legal conclusions regarding jurisdiction and venue, to which no response is required.

## PARTIES

14.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.    Defendants admit the first and second sentences of paragraph 16. Defendants deny the allegations in the third sentence of paragraph 16, except admit that DHS may possess records responsive to Plaintiffs' FOIA requests.

17.    Defendants admit the first and second sentences of paragraph 17. Defendants deny the allegations in the third sentence of paragraph 17, except admit that State may possess records responsive to Plaintiffs' second FOIA request.

18.    Defendants admit the first and second sentences of paragraph 18. Defendants deny the allegations in the third sentence of paragraph 18, except admit that ICE may possess records responsive to Plaintiffs' second FOIA request.

19.    Defendants admit the allegations in paragraph 19.

---

[1] For convenience, Defendants identify the subheadings used in Plaintiffs' complaint without admitting or denying any facts relating to those subheadings.

## STATEMENT OF FACTS

20.    Paragraph 20 sets forth legal conclusions, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to 8 U.S.C. § 1254a for a true and complete statement of its contents.

21.    Paragraph 21 sets forth legal conclusions, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to 8 U.S.C. § 1254a for a true and complete statement of its contents.

22.    Paragraph 22 sets forth legal conclusions, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to 8 U.S.C. § 1254a for a true and complete statement of its contents.

23.    Paragraph 23 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that the Secretary of Homeland Security designated Haiti for TPS on January 21, 2010. *See* Designation of Haiti for Temporary Protected Status, 75 Fed. Reg. 3,476, 3,476–77 (Jan. 21, 2010). Defendants respectfully refer the Court to that designation for a true and complete statement of its contents.

24.    Paragraph 24 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA and of a Federal Register notice, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the cited Federal Register notice published on January 21, 2010, for a true and complete statement of its contents. *See* Designation of Haiti for Temporary Protected Status, 75 Fed. Reg. 3,476, 3,476–77 (Jan. 21, 2010).

25. Paragraph 25 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA and of a Federal Register notice, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the cited Federal Register notice published on January 21, 2010, for a true and complete statement of its contents. *See* Designation of Haiti for Temporary Protected Status, 75 Fed. Reg. 3,476, 3,476–77 (Jan. 21, 2010).

26. Defendants admit the allegations in paragraph 26.

27. Paragraph 27 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the Federal Register notice published on October 1, 2012, for a description of Haiti's cholera outbreak. *See* Extension of the Designation of Haiti for Temporary Protected Status, 77 Fed. Reg. 59,943, 59,944 (Oct. 1, 2012).

28. Paragraph 28 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that the Secretary of Homeland Security extended Haiti's designation for TPS and redesignated Haiti for TPS on May 19, 2011. *See* Extension and Redesignation of Haiti for Temporary Protected Status, 76 Fed. Reg. 29,000, 29,000 (May 19, 2011). Defendants respectfully refer the Court to that extension and redesignation for a true and complete statement of its contents.

29. Paragraph 29 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the Federal Register notice published on May 19, 2011, for a true and complete statement of its contents.

30.    Paragraph 30 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit the allegations in Paragraph 30.

31.    Paragraph 31 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that the Secretary of Homeland Security extended the designation of Haiti for TPS on October 1, 2012, March 3, 2014, and August 25, 2015. *See* Extension of the Designation of Haiti for Temporary Protected Status, 80 Fed. Reg. 51,582, 51,582–83 (Aug. 25, 2015); Extension of the Designation of Haiti for Temporary Protected Status, 79 Fed. Reg. 11,808, 11,808–09 (Mar. 3, 2014); Extension of the Designation of Haiti for Temporary Protected Status, 77 Fed. Reg. 59,943, 59,943 (Oct. 1, 2012). Defendants respectfully refer the Court to those extensions for a true and complete statement of their contents.

32.    Paragraph 32 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that, on December 12, 2016, then-Secretary of State John Kerry wrote a letter to then-Secretary of Homeland Security Jeh Johnson recommending that he extend the designation of TPS for Haiti, but declining to recommend that he re-designate Haiti for TPS based on Hurricane Matthew. Defendants respectfully refer the Court to that letter for a true and complete statement of its contents.

33.    Paragraph 33 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that then-Acting Director of CIS James McCament sent a memo to

the Secretary of Homeland Security on April 10, 2017, but neither admit nor deny the allegations regarding the contents of the memorandum, which is privileged and exempt from disclosure.

34.     Paragraph 34 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that then-Acting Director of CIS James McCament sent a memo to the Secretary of Homeland Security on April 10, 2017, but neither admit nor deny the allegations regarding the contents of the memorandum, which is privileged and exempt from disclosure.

35.     Paragraph 35 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit the allegations in paragraph 35.

36.     Paragraph 36 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that, on May 24, 2017, then-Secretary of Homeland Security John F. Kelly extended the designation of Haiti for TPS by six months. *See* Extension of the Designation of Haiti for Temporary Protected Status, 82 Fed. Reg. 23,830, 23,830 (May 24, 2017). Defendants respectfully refer the Court to that extension for a true and complete statement of its contents.

37.     Paragraph 37 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the Federal Register Notice from May 24, 2017, for a true and complete statement of its contents. *See* Extension of the Designation of Haiti for Temporary Protected Status, 82 Fed. Reg. 23,830, 23,830 (May 24, 2017).

38.     Paragraph 38 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the Federal Register Notice from May 24, 2017, for a true and complete statement of its contents. *See* Extension of the Designation of Haiti for Temporary Protected Status, 82 Fed. Reg. 23,830, 23,830 (May 24, 2017).

39.     Paragraph 39 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the Federal Register Notice from May 24, 2017, for a true and complete statement of its contents. *See* Extension of the Designation of Haiti for Temporary Protected Status, 82 Fed. Reg. 23,830, 23,830 (May 24, 2017).

40.     Paragraph 40 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the Federal Register Notice from May 24, 2017, for a true and complete statement of its contents. *See* Extension of the Designation of Haiti for Temporary Protected Status, 82 Fed. Reg. 23,830, 23,830 (May 24, 2017).

41.     Paragraph 41 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the Federal Register Notice from May 24, 2017, for a true and complete statement of its contents. *See* Extension of the Designation of Haiti for Temporary Protected Status, 82 Fed. Reg. 23,830, 23,830 (May 24, 2017).

42.     Paragraph 42 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that Secretary of State Rex Tillerson sent a letter to then-Acting

10

Secretary of Homeland Security Elaine Duke on October 31, 2017. Defendants further admit that the October 31, 2017, letter has not been made publicly available and that Plaintiffs have requested that letter under FOIA.

43.    Paragraph 43 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that then-Acting Secretary of Homeland Security Elaine Duke issued a press release on November 20, 2017, announcing her decision to terminate TPS for Haiti as of July 22, 2019. *See* https://www.dhs.gov/news/2017/11/20/acting-secretary-elaine-duke-announcement-temporary-protected-status-haiti. Defendants respectfully refer the Court to that press release for a true and complete statement of its contents.

44.    Paragraph 44 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the press release of November 20, 2017, for a true and complete statement of its contents. *See* https://www.dhs.gov/news/2017/11/20/acting-secretary-elaine-duke-announcement-temporary-protected-status-haiti.

45.    Paragraph 45 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in paragraph 45.

46.    Paragraph 46 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the press release of November 20, 2017, for a true and complete statement of its contents. *See* https://www.dhs.gov/news/2017/11/20/acting-

secretary-elaine-duke-announcement-temporary-protected-status-haiti. Defendants further deny Plaintiffs' characterizations of the press release as vague and argumentative.

47.     Paragraph 47 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants respectfully refer the Court to the press release of November 20, 2017, for a true and complete statement of its contents. *See* https://www.dhs.gov/news/2017/11/20/acting-secretary-elaine-duke-announcement-temporary-protected-status-haiti. Defendants further deny Plaintiffs' characterizations of the press release as vague and argumentative.

48.     Paragraph 48 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that Deputy Secretary Elaine Duke published a notice terminating the designation of Haiti for TPS on January 18, 2018. *See* Termination of the Designation of Haiti for Temporary Protected Status, 83 Fed. Reg. 2,648, 2,648 (Jan. 18, 2018). Defendants respectfully refer the Court to that notice for a true and complete statement of its contents. Defendants deny that the release of the Federal Register notice was "delayed." Defendants admit that, in 2017, approximately 58,000 Haitians benefited from the TPS designation and that the designation will be terminated on July 22, 2019, but aver that whether beneficiaries of Haitian TPS are "required to leave the country" is a question of law, to which no response is required.

49.     Paragraph 49 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that State issued a travel advisory for Haiti on January 10, 2018, and respectfully refer the Court to that advisory for a true and complete statement of its contents. *See*

https://travel.state.gov/content/travel/en/international-travel/International-Travel-Country-Information-Pages/Haiti.html.

50.    Paragraph 50 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants admit that State issued a travel warning for Haiti on September 13, 2017, and respectfully refer the Court to that advisory for a true and complete statement of its contents. *See* https://ht.usembassy.gov/haiti-travel-warning/.

51.    Paragraph 51 sets forth Plaintiffs' characterization of facts unrelated to Plaintiffs' claims under FOIA, to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in paragraph 51 and respectfully refer the Court to the Federal Register notices discussing Haiti's designation for TPS for a true and complete statement of the relevant conditions. *See* Termination of the Designation of Haiti for Temporary Protected Status, 83 Fed. Reg. 2,648, 2,648 (Jan. 18, 2018); Extension of the Designation of Haiti for Temporary Protected Status, 82 Fed. Reg. 23,830, 23,830 (May 24, 2017); Extension of the Designation of Haiti for Temporary Protected Status, 80 Fed. Reg. 51,582, 51,582–83 (Aug. 25, 2015); Extension of the Designation of Haiti for Temporary Protected Status, 79 Fed. Reg. 11,808, 11,808–09 (Mar. 3, 2014); Extension of the Designation of Haiti for Temporary Protected Status, 77 Fed. Reg. 59,943, 59,943 (Oct. 1, 2012); Designation of Haiti for Temporary Protected Status, 75 Fed. Reg. 3,476, 3,476–77 (Jan. 21, 2010).

52.    Paragraph 52 sets forth Plaintiffs' characterization of its reason for bringing this lawsuit, to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in paragraph 52 as vague and argumentative.

**Plaintiffs' First FOIA Request**

53.     Defendants admit that Plaintiffs submitted a FOIA request to DHS on November 22, 2017, and respectfully refer the Court to that request for a true and complete statement of its contents. *See* Dkt. No. 30-1.

54.     Defendants admit the allegations in paragraph 54.

55.     Defendants admit that, on November 28, 2017, DHS acknowledged receipt of the November 22, 2017, FOIA request, and respectfully refer the Court to that acknowledgement for a true and complete statement of its contents. *See* Dkt. No. 30-2.

56.     Defendants admit that, on December 1, 2017, Plaintiffs responded to DHS's acknowledgement, and respectfully refer the Court to that response for a true and complete statement of its contents. *See* Dkt. No. 30-3.

57.     Defendants deny that Plaintiffs did not receive additional communications from DHS before February 14, 2018.

58.     Defendants deny the allegations in paragraph 58, except admit that more than 20 days have passed since DHS received the November 22, 2017, FOIA request.

**Plaintiffs' Second FOIA Request**

59.     Defendants admit that Plaintiffs submitted a second FOIA request to DHS, ICE, State, and CIS on November 24, 2017, and respectfully refer the Court to that request for a true and complete statement of its contents. *See* Dkt. No. 30-4.

60.     Defendants admit the allegations in paragraph 60.

61.     Defendants admit that, on November 29, 2017, DHS acknowledged receipt of the November 24, 2017, FOIA request, and respectfully refer the Court to that acknowledgement for a true and complete statement of its contents. *See* Dkt. Nos. 30-5.

62.    Defendants admit that, on December 4, 2017, Plaintiffs responded to DHS's acknowledgement, and respectfully refer the Court to that response for a true and complete statement of its contents. *See* Dkt. No. 30-6.

63.    Defendants admit that, on November 30, 2017, State acknowledged receipt of the November 24, 2017, FOIA request, and respectfully refer the Court to that acknowledgement for a true and complete statement of its contents. *See* Dkt. Nos. 30-7.

64.    Defendants admit that, on December 1, 2017, Plaintiffs responded to State's acknowledgement, and respectfully refer the Court to that response for a true and complete statement of its contents. *See* Dkt. No. 30-8.

65.    Defendants admit that, on December 12, 2017, ICE acknowledged receipt of the November 24, 2017, FOIA request, and respectfully refer the Court to that acknowledgement for a true and complete statement of its contents. *See* Dkt. Nos. 30-9.

66.    Defendants admit that, on December 11, 2017, CIS acknowledged receipt of the November 24, 2017, FOIA request, and respectfully refer the Court to that acknowledgement for a true and complete statement of its contents. *See* Dkt. Nos. 30-10.

67.    Defendants admit that, on December 14, 2017, Plaintiffs responded to CIS's acknowledgement, and respectfully refer the Court to that response for a true and complete statement of its contents. *See* Dkt. No. 30-11.

68.    Defendants admit that, on December 14, 2017, CIS sent a further letter to Plaintiffs and respectfully refer the Court to that letter for a true and complete statement of its contents. *See* Dkt. No. 30-12.

69.     Defendants deny that Plaintiffs did not receive additional communications from DHS, State, and ICE before February 14, 2018, but admit that Plaintiffs did not receive additional communications from CIS by that date.

70.     Defendants deny the allegations in paragraph 70, except admit that more than 20 days have passed since DHS, State, ICE, and USCIS received the November 24, 2017, FOIA request.

## CAUSES OF ACTION

### COUNT I

71.     Defendants repeat and incorporate herein all of the foregoing responses.

72.     Paragraph 72 sets forth legal conclusions, to which no response is required.

73.     Defendants deny the allegations in paragraph 73.

74.     Paragraph 74 sets forth legal conclusions, to which no response is required.

75.     Defendants deny the allegations in paragraph 75.

76.     Defendants deny the allegations in paragraph 76.

77.     Defendants deny the allegations in paragraph 77.

### COUNT II

78.     Defendants repeat and incorporate herein all of the foregoing responses.

79.     Paragraph 79 sets forth legal conclusions, to which no response is required.

80.     Defendants deny the allegations in paragraph 80.

81.     Paragraph 81 sets forth legal conclusions, to which no response is required.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

## PRAYER FOR RELIEF

The paragraphs following "WHEREFORE" consist solely of Plaintiffs' requests for relief, to which no response is required. To the extent a response is deemed to be required, Defendants deny that Plaintiffs are entitled to the requested relief or any relief.

## DEFENSES

### FIRST DEFENSE

Plaintiffs' November 24, 2017, FOIA request is unduly burdensome.

### SECOND DEFENSE

Some or all of the requested documents and information are exempt from disclosure. *See* 5 U.S.C. § 552(b).

### THIRD DEFENSE

The Court lacks subject-matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA.

### FOURTH DEFENSE

Plaintiffs' FOIA requests do not reasonably describe the records sought, and therefore do not comply with FOIA and/or do not trigger a search or production obligation.

### FIFTH DEFENSE

Plaintiffs' FOIA requests are not enforceable under FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

### SIXTH DEFENSE

Defendants have exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for the Defendants to complete their processing of the FOIA requests. See 5 U.S.C. § 552(a)(6)(C).

WHEREFORE, Defendants demand judgment dismissing Plaintiffs' amended complaint and granting such further relief as this Court deems just and proper, including costs and disbursements.

Dated: March 1, 2018
       New York, New York

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney for the
                                      Southern District of New York

By:    */s/ Caleb Hayes-Deats*
        CALEB HAYES-DEATS
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Telephone: (212) 637-2699
        Fax: (212) 637-2686
        caleb.hayes-deats@usdoj.gov