March 8, 2018

The Hon. Judge Ronnie Abrams
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

RE:     *Nat'l Immigration Project, et al. v. U.S. Dep't of Homeland Sec., et al.,*
        **No. 18 Civ. 659 (RA) Joint Letter of the Parties**

Dear Judge Abrams,

The Parties respectfully submit the following joint letter in response to the Court's request for an update on the status of the parties' negotiations over the scope of Plaintiffs' Freedom of Information Act ("FOIA") requests.

### I.     Plaintiffs' Report

***Plaintiffs' report on the progress of negotiations with Defendants related to the scope of the search requests***: After conferring with Defendants, Plaintiffs agreed on a major narrowing that substantially reduces the scope of the search for the seven-year period preceding January 2017. This narrowing relates to items 16 and 17 on Plaintiffs' second FOIA request, which originally stated: "16. All records since January 1, 2010 relating to and including previous recommendations and standards to extend and redesignate TPS for the nationals of Haiti; 17. Any policy, guidance, directives, and/or memoranda issued since January 1, 2010 pertaining to the country conditions in Haiti and the use of this information in the determination of designating, redesignating, extending, or terminating TPS for the nationals of Haiti." Plaintiffs limited these requests to include only the document packets that were presented to the Secretary of DHS, the Secretary of State, and the Director of CIS who were involved in making the determination to designate, redesignate, and extend TPS for Haiti since the first designation in January 2010. Since items 16 and 17 were the only items that requested documents from before 2017, this narrowing means that the agencies' searches will be substantially narrower.

Plaintiffs have also agreed to a staggered production pending the Court's resolution of the exemptions applicable to the first productions. Plaintiffs informed Defendants that they are amenable to postponing production of the pre-2017 documents until after the resolution of any issues that relate to the propriety of exemptions claimed as to the three packets and one memorandum that the agencies will produce by March 22, 2018.

Plaintiffs have sought to assist Defendants in crafting a search that will result in the production of responsive documents. Plaintiffs provided Defendants with a list of proposed search terms as well as additional custodians proposed to be searched at the respective agencies via email. In this email, Plaintiffs noted that neither the search term list nor the custodian list was exhaustive, as Plaintiffs are outsiders in these agencies and expect the agencies to conduct the search in a manner likely to produce responsive documents. As Plaintiffs have noted, they cannot be expected to know internal agency terminology and expect the agency to determine search

terms and custodians likely to elicit responsive documents. It is ultimately the Defendants' burden to show that they conducted a search "reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

***Plaintiffs request more information on a previous, separate FOIA request that may contain documents responsive to their requests***: Plaintiffs wish to inform the Court that they have received a copy of a 118-page production through which DHS responded to a previous FOIA request that was extremely similar in wording to portions of the Plaintiffs' requests. The previous FOIA request was filed by the National Immigration Law Center ("NILC") and also requested documents related to TPS for Haiti.

The documents in the NILC production span the period January 20, 2017 to May 22, 2017. Since NILC's request was framed so similarly, Plaintiffs believe the production is at least partially responsive to their requests as regards the January 20 to May 22 interval.

Plaintiffs request that they be permitted to provide briefings on the exemptions invoked as to the NILC production. They believe this is an efficient use of the Parties' and the Court's time because, given that NILC's request and Plaintiffs' request overlap so significantly, the agencies would almost certainly invoke the same exemptions when they produce documents for the Plaintiffs. Plaintiffs therefore request that DHS prepare a *Vaughn* index containing "an adequate description" of any withheld records and "a plain statement of the exemptions relied upon to withhold each record." *Nat'l Treasury Emps. Union v. U.S. Customs Serv.*, 802 F.2d 525, 527 n.9 (D.C. Cir. 1986); *see also Ruotolo v. Dep't of Justice, Tax Div.*, 53 F.3d 4, 6 (2d Cir. 1995) ("A *Vaughn* index is provided in the course of FOIA litigation by a government agency to correlate specific documents or portions thereof that the agency desires to shield from disclosure with statements of justification for the non-disclosure.")

Plaintiffs note that the cases cited by Defendants regarding standing to litigate a FOIA request not submitted by the plaintiff, *McDonnell v. United States*, 4 F.3d 1227 (3d Cir. 1993) and *McKevitt v. Mueller*, 689 F. Supp. 2d 661 (S.D.N.Y. 2010) do not apply to the facts of the situation at hand. In *McDonnell*, the court was addressing a plaintiff who had not filed a FOIA request at all and filed suit to litigate the FOIA request of another individual. In *McKevitt*, too, the plaintiff had not filed a FOIA request, but rather had attempted to use FOIA to litigate a request made under the Hague Evidence Convention. In contrast, Plaintiffs in the litigation before this Court have filed a FOIA request and filed suit under their right to receive documents responsive to that request. In order to expedite the search and production process, they are willing to treat a search request that is highly similar to their own as the relevant request for a portion of the time period covered by their own FOIA with respect to the agency that produced these documents. They propose only to evaluate the adequacy of a previous production that is extremely similar to what their request would elicit because it responds to an overlapping request. The proposed plan also has the potential to assist both parties in resolving exemptions in a timely fashion given that these documents -- which DHS produced in July 2017 -- appear to be at least partially responsive to the requests Plaintiffs made in December 2017 to which DHS has yet to respond. Rather than constituting an attempt to litigate the FOIA request of another, this offer on the part of the Plaintiffs represents a narrowing of their request, given that the NILC

2

request does not mirror exactly Plaintiff's own and thus certain elements of Plaintiff's request are not included for that portion of the search.

**_Proposed timeline_**: Plaintiffs request that the court schedule a date for producing the *Vaughn* index for the NILC FOIA. Plaintiffs also request that the Court schedule a date approximately a week after the initial March 22 production for a conference to discuss any proposed motions. Plaintiffs propose that the Court provide a reasonable date by which the agencies will complete their searches and by which they will produce responsive documents and claim exemptions.

## II.    Defendants' Report

**The Parties' Negotiations & Defendants' Searches**: In the parties' letter of February 16, 2018, Defendants DHS, CIS, State, and ICE requested an opportunity to "negotiate the scope of [Plaintiffs' second FOIA request] so that Defendants can conduct a reasonable search." *See* Dkt. No. 38 at 4. On February 23, 2018, Defendants identified the employees and offices that they believed were reasonably likely to have responsive records and proposed initially narrowing Plaintiffs' second request to records from those employees and offices. On February 27, 2018, Plaintiffs proposed that Defendants search additional employees and offices, but explicitly declined to narrow the scope of their requests, with the exception of items 16 and 17 in their second request. Thus, Plaintiffs continue to request communications relating to Haiti's designation for TPS from "any employee" of four agencies over the course of more than a year. DHS's search results, which are described below, demonstrate that this request is overly broad and unduly burdensome, even as narrowed.

While Defendants have considered the feedback Plaintiffs provided, existing precedent does not impose any obligation to negotiate with Plaintiffs over the searches Defendants will conduct. To the contrary, courts in the S.D.N.Y. and elsewhere have recognized that FOIA gives agencies substantial discretion over how to search for responsive records. *See, e.g., Immigrant Def. Project v. ICE*, 208 F. Supp. 3d 520, 526 (S.D.N.Y. 2016) ("[T]he search need not be perfect in Plaintiffs' estimation (or even the Court's), so long as the agency has provided logical explanations for each of the decisions it made as to search terms to be used and how to conduct the searches, evincing a good faith effort to design a comprehensive search." (internal quotation marks omitted)); *Estate of Ghais Abduljaami v. U.S. Dep't of State*, No. 14 Civ. 7902 (RLE), 2016 WL 94140, at *5 (S.D.N.Y. Jan. 7, 2016) ("Even if a plaintiff specifies certain locations to be searched, an agency's search obligations are not dictated by a requester's demands to search particular components or databases." (internal quotation marks and alterations omitted)); *Bigwood v. U.S. Dep't of Def.*, 132 F. Supp. 3d 124, 140 (D.D.C. 2015) ("In general, a FOIA petitioner cannot dictate the search terms for his or her FOIA request."). To the extent Plaintiffs wish to challenge the adequacy of Defendants' searches, they may do so on a motion for summary judgment after Defendants have completed their productions. *See Abduljaami*, 2016 WL 94140, at *5 ("Summary judgment is the preferred procedural vehicle for resolving FOIA disputes." (internal quotation marks omitted)); *Canning v. U.S. Dep't of State*, 134 F. Supp. 3d 490, 498 (D.D.C. 2015) (noting that, because "the processing and production of responsive documents is still ongoing" for a portion of plaintiff's FOIA request, "issues relating to [that] portion . . . are not presently before the Court").

Defendants have initiated the following searches in response to Plaintiffs' FOIA requests. First, DHS has identified eleven employees and one office as reasonably likely to have records responsive to Plaintiffs' FOIA requests. The eleven employees work in the Office of the Secretary and the Office of Policy. Within the Office of Policy, DHS will also search the Office of Immigration Policy. An electronic search of the sources described above has preliminarily identified at least 28,300 pages for processing and review.

Second, State has identified the Office of the Executive Secretariat ("S/ES") and twenty employees as likely to have responsive records. S/ES serves as a liaison for the Secretary, Deputy Secretaries, and Under Secretaries, and thus possesses communications to and from those officers. In connection with Plaintiffs' prioritized request for briefing packets, *see* Dkt. No. 38 at 2, State searched S/ES for the month of October 2017 and located more than 400 documents, including approximately 30 on State's classified server. State is currently broadening its search of S/ES to cover the time period from January 2017 to the present and expects to know the number of documents located by next week. The twenty additional employees State will search work in (1) the Bureau of Western Hemisphere Affairs, which includes the Office of the Haiti Special Coordinator, (2) the Bureau of Population, Refugees, and Migration, (3) the Office of the Under Secretary for Civilian Security, Democracy, and Human Rights, (4) the Office of the Under Secretary for Political Affairs, and (5) the Office of the Legal Adviser. State has initiated searches of these twenty employees and expects to have a preliminary count of the number of documents for review within a week.

Third, CIS has gathered electronically stored information ("ESI") from its Executive Secretariat/Office of the Director, its Office of Policy and Strategy, its Field Operations Directorate, its Service Center Operations, and its Refugee, Asylum and International Operations Directorate. These sources have provided more than eighteen gigabytes of ESI, and CIS intends to use keyword searches to identify potentially responsive documents for review. CIS is uploading those eighteen gigabytes of data onto a platform that can search them and identify duplicates. It hopes to have preliminary information by next week about the number of documents it will review as potentially responsive.

Finally, ICE has searched for documents from its Executive Secretariat/Office of the Director, Office of the Principle Legal Advisor, and Office of Policy. These searches have identified approximately 1,100 pages of potentially responsive documents, which ICE expects to be able to review and process by the end of May.

**The NILC Request**: On May 17, 2017, NILC filed a FOIA request with DHS, ICE, CIS, and State seeking records relating to Haiti's designation for temporary protected status. NILC subsequently narrowed its requests, and DHS produced 118 pages on July 24, 2017. NILC has challenged neither the adequacy of DHS's search nor DHS's withholdings of exempt material.

Plaintiffs now request that the Court permit them to challenge the withholdings that NILC did not. Plaintiffs cannot do so for two reasons. First, Plaintiffs' amended complaint does not assert any claim based on NILC's request. Instead, it challenges DHS's response to Plaintiffs' FOIA request of November 22, 2017, *see* Dkt. No. 30 ¶¶ 30, 71–77, and all Defendants' response to Plaintiffs' FOIA request of November 24, 2017, *id.* ¶¶ 59, 78–84.

4

Second, to the extent Plaintiffs sought leave to amend to assert a claim based on the NILC request, they would lack standing to do so. *See McDonnell v. United States*, 4 F.3d 1227, 1237 (3d Cir. 1993) ("[A] person . . . whose name does not appear on a FOIA request for records may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place."); *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010). Accordingly, the case before the Court concerns only Plaintiffs' claims based on their own requests.

To the extent Plaintiffs intend to ask that DHS prioritize the documents released to NILC for processing in response to Plaintiffs' requests, DHS is willing to confer with Plaintiffs about such prioritization. Based on other conversations with Plaintiffs, DHS has prioritized processing the briefing packets described in the parties' letter of February 16, 2018, *see* Dkt. No. 38 at 2, and crafting a search in response to Plaintiffs' requests. Focusing on the documents produced in response to the NILC request would distract DHS from the issues it has currently prioritized. DHS would need to expend significant effort producing a *Vaughn* index for materials provided to NILC. First, because NILC did not challenge DHS's withholdings, DHS has not previously prepared a *Vaughn* index. Second, the attorney who oversaw DHS's response to NILC has since left the agency, requiring new personnel to reanalyze the records DHS released. Finally, the creation of a *Vaughn* index is extraordinarily painstaking and time-consuming.

**Proposal for Further Proceedings**: Defendants expect that the searches described above will identify a large number of documents for review and processing. In light of that expectation, Defendants continue to maintain that Plaintiffs must narrow the scope of their requests to ensure that they are not unreasonably burdensome. Defendants further submit that Plaintiffs' proposal that Defendants simultaneously brief issues relating to withholdings and process additional documents for production is unreasonable. Typically, agencies complete their productions before briefing any challenges a requester may raise. *Cf. ACLU v. NSA*, No. 13 Civ. 9198 (KMW)(JCF), 2017 WL 1155910, at *3 (S.D.N.Y. Mar. 27, 2017) ("Following each agency's search and production, . . . the parties discussed their disagreements regarding the lawfulness of the agencies' withholdings and redactions and the adequacy of the agencies' searches."). Such an approach maximizes efficiency because it allows agencies to focus on one task at a time and consolidates all disagreements into a single motion for resolution by the Court.

Defendants will consent to early briefing of any challenges to Plaintiffs may raise to the production due on March 22, 2018, but respectfully request that the Court suspend any schedule for the processing of records during that briefing so that Defendants may focus their efforts on preparing *Vaughn* indices, declarations, and other motion papers. Finally, to the extent that the Court wishes to consider a production schedule, Defendants propose that they each make monthly rolling productions of non-exempt material. Defendants further request an opportunity to submit letter-briefs on the appropriate schedule so that they can create a record of their diligence and the workload facing each agency. We thank the Court for considering this letter.

5

Respectfully submitted,

_____
Nancy Morawetz
Jessica Rofé
Fatima Carrillo, Legal Intern
Nora Searle, Legal Intern
Kevin Siegel, Legal Intern
Sarah Thompson, Legal Intern
WASHINGTON SQUARE LEGAL
SERVICES, INC.
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, NY 10012
nancy.morawetz@nyu.edu
jessica.rofe@nyu.edu

Sejal Zota
Elizabeth Simpson*
NATIONAL IMMIGRATION
PROJECT OF THE NATIONAL
LAWYERS GUILD
14 Beacon Street, Suite 602
Boston, MA 02108
(617) 227-9727
sejal@nipnlg.org
*application for *pro hac vice*
admission forthcoming

*Attorneys for Plaintiffs*

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:  _____
CALEB HAYES-DEATS
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2699
Fax: (212) 637-2686
caleb.hayes-deats@usdoj.gov

*Attorney for Defendants*