**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*Nat'l Immigration Project, et al.*,

        Plaintiffs,

    v.

*U.S. Dep't of Homeland Sec., et al.*,

        Defendants.

Civil Action No. 1:18-cv-00659-RA

DECLARATION OF
JAMES V.M.L. HOLZER

1.     I, James V.M.L. Holzer, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

2.     I am the Deputy Chief Freedom of Information Act ("FOIA") Officer for the Department of Homeland Security ("DHS") Privacy Office ("DHS Privacy").

3.     In this capacity, I am the DHS official responsible for implementing FOIA policy across DHS and responding to requests for records under the FOIA, 5 U.S.C. § 552, the Privacy Act, U.S.C. § 552a, and other applicable records access provisions.  I have been employed by DHS Privacy in this capacity since May 2016.  I previously served as the Director of the Office of Government Information Services within the National Archives and Records Administration, and prior to that I served as the Senior Director of FOIA Operations for DHS.

4.     Through the exercise of my official duties, I have become familiar with the background of Plaintiffs' FOIA requests, dated November 22, 2017, as amended, and November 24, 2017, as amended. I have also become familiar with the background of this litigation and have read a copy of the Amended Complaint filed by Plaintiff on February 15, 2018.

**DHS Privacy's FOIA Process**

5.     DHS Privacy partners with privacy-related staff in every DHS component to assess all new or proposed programs, systems, technologies, or rule-makings for privacy risks, and to recommend privacy protections and alternative methods for handling personal information to mitigate privacy risks. DHS Privacy also centralizes FOIA and Privacy Act operations to

Holzer Declaration, Case No. 1:18-cv-00659-RA

provide policy and programmatic oversight, and to support implementation across the Department.[1]

6.    The mission of DHS Privacy is to preserve and enhance privacy protections for all individuals, to promote transparency of Department operations, and to serve as a leader in the privacy community. DHS Privacy (1) evaluates Department legislative and regulatory proposals involving collection, use, and disclosure of personally identifiable information ("PII"); (2) centralizes FOIA and Privacy Act operations to provide policy and programmatic oversight, and to support implementation across the Department; (3) operates a Department-wide Privacy Incident Response Program to ensure that incidents involving PII are properly reported, investigated, and mitigated, as appropriate; (4) responds to complaints of privacy violations and provides redress, as appropriate; and (5) provides training, education, and outreach to build a culture of privacy across the Department and transparency to the public.

7.    DHS Privacy is responsible for processing all FOIA and Privacy Act requests pertaining to twelve DHS Headquarters-level offices.  Those offices are: DHS Privacy; the Office of the Secretary (which includes the Military Advisor's Office and the Office of Intergovernmental Affairs); the Office of the Citizenship and Immigration Services Ombudsman; the Office for Civil Rights and Civil Liberties; the Office of the Executive Secretary; the DHS Management Directorate; the Countering Weapons of Mass Destruction Office[2]; the Office of

---

[1] DHS components include: U.S. Citizenship and Immigration Services; U.S. Customs and Border Protection; the U.S. Coast Guard; the Federal Emergency Management Administration; the Federal Law Enforcement Training Center; U.S. Immigration and Customs Enforcement; the Transportation Security Administration; the United States Secret Service; the Directorate for Management; the National Protection and Programs Directorate; the Science and Technology Directorate; the Domestic Nuclear Detection Office; the Office of Health Affairs; the Office of Intelligence and Analysis; the Office of Operations Coordination; the Office of Inspector General; and the Office for Civil Rights and Civil Liberties.

[2] As described in the *Notice of Countering Weapons of Mass Destruction Office Reorganization Pursuant to § 872 of the Homeland Security Act of 2002*, submitted to Congress on October 6,

Holzer Declaration, Case No. 1:18-cv-00659-RA

the General Counsel; the Office of Legislative Affairs; the Office of Public Affairs; the Office of Operations Coordination; and the Office of Policy.  DHS Privacy also coordinates the processing of FOIA requests across DHS components when the subject matter of a particular request touches on multiple components or is particularly high profile.  Further, DHS Privacy is currently assisting the Office of Biometric Identity Management (OBIM), an office under the National Protection and Programs Directorate (NPPD), with its FOIA processing, as it received over 20,000 FOIA requests each in FY16 and FY17.

8.      Each DHS component maintains its own automated case tracking system which assigns case control numbers to, and tracks the status of, all FOIA and Privacy Act requests received by that component. Each DHS component logs all incoming FOIA and Privacy Act requests into their automated case tracking systems, and inputs information about each request into the system (including, but not limited to, the requester's name and/or organization, and, in the case of FOIA requests, the topic of the request). All requesters are then notified of the case control numbers assigned to their requests. It is the practice of all DHS components to refer to the case control numbers in all correspondence with requesters. The automated case tracking systems are text searchable on a field-by-field basis.

### DHS Privacy's Current Resources and Workload

9.      DHS Privacy's FOIA staff consists of a total of seventeen employees, including a Deputy Chief FOIA officer, a Senior Director of FOIA operations, three director level positions, a production manager, three litigation analyst positions, and eight FOIA specialist positions.  The FOIA Officer for the DHS Office for Civil Rights and Civil Liberties also reports to the DHS

---

2017, the Department established the Countering Weapon of Mass Destruction Office, effective on December 5, 2017. This office assumed the responsibilities and authorities of the former Domestic Nuclear Detection Office and Office of Health Affairs.

Holzer Declaration, Case No. 1:18-cv-00659-RA

Privacy Office.  As of the date of this declaration, three of the FOIA specialist positions are vacant.

10.    DHS Privacy's five current FOIA specialists handle all aspects of the FOIA request process.  They receive new FOIA requests, along with referrals and consultation requests from other agencies or DHS components, log those new FOIA requests into the FOIA case tracking system, and send out search taskers to various offices compelling them to search for records.  Once those searches are complete, FOIA specialists review any records located and make withholding determinations, redacting any exempt information pursuant to the FOIA exemptions.  FOIA specialists also send out FOIA responses and work on other FOIA projects for DHS Privacy, as needed.

11.    Until recently, DHS Privacy typically received approximately 600 to 800 FOIA requests every fiscal year ("FY").  Most of these requests, about two-thirds, are categorized as complex requests, which for DHS means that they require a wide-ranging search, frequently across multiple offices, and involve a large number of records.    In FY 2017, DHS Privacy received 1,348 FOIA requests.  This represents a more than 100% increase from the year-end total for FY16, which was 599 requests.  At this point in FY 2018, DHS Privacy has received 701 FOIA requests. Four hundred thirty five (435) of the requests received in FY 2017 and FY 2018 are currently backlogged[3]; of the FOIA requests DHS Privacy has received so far in FY 2018, 90% of them are categorized as complex.

12.    DHS Privacy has experienced an increase of 65% in FOIA-related litigation since FY16.  DHS Privacy is currently involved in over 50 lawsuits.  Of the cases in which DHS Privacy is directly involved, 16 cases, including the instant case, are at the point where DHS

---

[3] A request is categorized as backlogged if the request has been perfected and has not been responded to within 20 days of the receipt of the request.

Holzer Declaration, Case No. 1:18-cv-00659-RA

Privacy is actively facilitating the production of documents.  DHS Privacy is subject to court orders in three cases that collectively require DHS Privacy to process at least 2,500 pages per month, and anticipates that similar court orders may be issued in one or more other pending cases.  In addition, DHS Privacy has been processing approximately 3,000 additional pages per month for other cases that are in litigation but for which the court has not ordered DHS Privacy to process a minimum number of pages per month.  Thus, in connection with 16 separate lawsuits, DHS currently processes approximately 5,500 pages per month, or an average of approximately 344 pages per case per month.

### DHS Privacy's Progress on Plaintiffs' FOIA Requests

13.     At this time, DHS is processing, in coordination with the Department of State, eight documents, consisting of 63 pages, responsive to the Plaintiffs' request of November 22, 2017, as amended.  As agreed upon with Plaintiffs, DHS expects to release these documents (redacted as appropriate under FOIA), on March 22, 2018.

14.     DHS is also reviewing 118 pages of documents (redacted as appropriate under FOIA) previously released to the National Immigration Law Center (NILC) and now in the possession of the Plaintiffs.  DHS expects to complete its review and re-release the documents to Plaintiffs by March 29, 2018.

15.     At this time, DHS has completed its search for records in response to Plaintiffs' broad request (except for the request referring to Haiti Temporary Protective Status actions reviewed by the DHS Secretary prior to 2017) of November 24, 2017, as amended, and has located an estimated 28,300 pages of potentially responsive records.

16.     DHS is committed to reviewing 300 to 500 pages of records each month until the processing of all records is completed.

Holzer Declaration, Case No. 1:18-cv-00659-RA

17.     Plaintiffs' proposed processing schedule of 2,000 pages per week would completely over-burden DHS's already strained resources and inevitably risk the inadvertent release of sensitive and FOIA-exempt information.  Plaintiffs' proposed schedule would require DHS to process thousands more pages per month than DHS currently processes in connection with sixteen separate litigations.

18.     DHS Privacy cannot meet Plaintiffs' proposed schedule (2,000 pages per week) utilizing the personnel and resources specifically assigned to process FOIA requests in active litigation.  Even if DHS Privacy assigned all five of its FOIA specialists to this case, each of those specialists would need to process more than 1,500 pages per month to comply with Plaintiffs' proposed schedule.  Further, because document processing under FOIA requires extensive knowledge both of the relevant law and of DHS's organization and activities, detailing non-FOIA-expert staff from other DHS work would be infeasible, and would not substantially increase DHS Privacy's processing capacity in the near term.

19.     Attempting to process 2,000 pages per week also would not allow DHS Privacy adequate time to conduct the intra-agency and inter-agency reviews that I expect will be necessary for some records responsive to Plaintiffs' requests.

20.     In order to even attempt to process 2,000 pages per week, DHS Privacy would have to reallocate all its personnel from other pending FOIA requests, resulting in non-compliance with other court-ordered productions to such a degree that DHS would be in jeopardy of being in contempt of production orders from several other courts.  Furthermore, this would increase DHS Privacy's FOIA backlog to the disadvantage of other members of the public seeking information through the FOIA process.

Holzer Declaration, Case No. 1:18-cv-00659-RA

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated the 14th day of March, 2018

_____

James V.M.L. Holzer
Deputy Chief FOIA Officer
DHS Privacy Office
U.S. Department of Homeland Security

Holzer Declaration, Case No. 1:18-cv-00659-RA