

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 28, 2018

BY ECF
The Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

   Re: *Nat'l Immigration Project v. U.S. Dep't of Homeland*, No. 18 Civ. 659 (RA)

Dear Judge Abrams:

  I write respectfully on behalf of Defendants the Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Service ("CIS"), the Department of State ("DOS"), and U.S. Immigration and Customs Enforcement ("ICE") to request that the Court consider this letter in response to Plaintiffs' letter of March 23, 2018, which sought expedited processing based on new theories that Plaintiffs did not present administratively. *See* Dkt. No. 49 at 2–4. Plaintiffs consent to this request. For the reasons set forth below, the Court should reject the new theories Plaintiffs advance in support of expedited processing of their FOIA requests.

  Plaintiffs argue at length that they qualify for expedited processing under DHS's and State's regulations, *see* Dkt. No. 49 at 2–4, and thus need not satisfy FOIA's definition of "compelling need," as interpreted by the D.C. Circuit in *Al-Fayed v. CIA*, 254 F.3d 300, 303 (D.C. Cir. 2001). In doing so, Plaintiffs disregard their own FOIA requests, which did not cite the regulations Plaintiffs now invoke and instead argued that "[e]xpedited processing is warranted because there is a 'compelling need,' . . . namely 'an urgency to inform the public about an actual or alleged federal government activity' by organizations 'primarily engaged in disseminating information.'" *See* Dkt. No. 30-4 at 7; Dkt. No. 30-1 at 4–5. But FOIA does not permit Plaintiffs to raise arguments about expedited processing that they did not present to the agencies. To the contrary, it requires that "judicial review shall be based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii).[1] Plaintiffs do not even discuss this limitation on the scope of the Court's review, which Defendants cited and discussed in their letter of March 16, 2018. *See* Dkt. No. 45 at 2–3. Moreover, Plaintiffs repeatedly invite the Court to consider

---

[1] The limitation described in § 552(a)(6)(E)(iii) applies to judicial review of "[a]gency action to deny or affirm denial of a request for expedited processing[,] . . . and failure by an agency to respond in a timely manner to such a request." Where an agency has failed "to respond in a timely manner" to a request for expedited processing, effectively denying the request, the "time of determination" is the expiration of the ten-day deadline for responding to such requests. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I) (requiring that "a determination of whether to provide expedited processing shall be made . . . within 10 days after the date of the request").

information that the agencies could not have, such as a press release from March 21, 2018, five days after Defendants filed their letter. *Compare* Dkt. No. 49-9 at 2, *with* Dkt. No. 45. The Court should limit its review to the arguments Plaintiffs presented in their FOIA requests, as required by § 552(a)(6)(E)(iii).

Even if the Court considered Plaintiffs' newly raised arguments, it should reject them. Plaintiffs argue that, under DHS's regulations, their requests relate to a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6. C.F.R. § 5.5(e)(iv). Specifically, Plaintiffs claim that White House Chief of Staff John Kelly "pressure[d]" the Acting Secretary of Homeland Security Elaine Duke to end Honduras's, rather than Haiti's, designation for temporary protected status ("TPS"). *See* Dkt. No. 49 at 3. This argument fails for three reasons. First, Plaintiffs' evidence is entirely consistent with a finding of government integrity. The articles Plaintiffs cite confirm that Secretary Duke is "a well-regarded figure at DHS," Dkt. No. 49-7 at 2, and that she "rebuffed the wishes of the White House," Dkt. No. 49-5 at 5, "held her ground," and "refused to reverse her decision," Dkt. No. 49-6 at 2–3. Plaintiffs' proof that Secretary Duke acted with integrity when she extended Honduras's TPS designation provides no reason to believe that she did not do so when she terminated Haiti's. Second, Plaintiffs have not explained why even a contentious conversation between a White House representative and a cabinet secretary about a policy decision would impugn the "government's integrity." *See Elec. Privacy Info. Ctr. ("EPIC") v. Dep't of Justice*, 322 F. Supp. 2d 1, 5–6 (D.D.C. 2003) (rejecting plaintiff's challenge to government integrity where plaintiff had presented nothing to the agency other than newspaper editorials and could not identify a law or rule violated), *vacated as moot* No. 04-5063, 2004 WL 2713119 (D.C. Cir. Nov. 24, 2004). Plaintiffs' unsupported suggestion that any decision regarding TPS may have resulted from "undue political interference," rather than statutory considerations, Dkt. No. 49-5 at 5, is similar to the allegations rejected in *EPIC*, 322 F. Supp. 2d at 5–6, and is undercut by the fact that Kelly, the prior Secretary of Homeland Security, previously made TPS decisions and thus would have been aware of the relevant considerations. Third, the concern Plaintiffs purport to identify relates to only a tiny portion of their extremely broad FOIA requests. The single call Plaintiffs cite allegedly occurred on November 6, 2017, and only three of the nineteen items in Plaintiffs' second request refer to the White House. Plaintiffs have shown no basis for expediting the processing of unrelated documents from line-level employees and different time periods.

Plaintiffs' efforts to rely on State's regulations also fail. State's regulations provide for expedited processing where "[f]ailure to *release the information* would . . . harm substantial humanitarian interests." 22 C.F.R. § 171.11(f)(3) (emphasis added). Plaintiffs argue only that "*the decision to end TPS for Haiti* will have grave humanitarian consequences." Dkt. No. 49 at 3 (emphasis added). Plaintiffs' argument simply applies the wrong standard—the release of State's information does not affect DHS's decision to terminate Haiti's TPS designation. Moreover, Plaintiffs have provided no evidence that failure to release recommendations and communications from State employees regarding Haiti's TPS designation would harm substantial humanitarian interests. To the contrary, they claim only that such documents will give "legislators and the public . . . sufficient information" in the event that Congress takes up this issue in "the fall 2019 legislative session." Dkt. No. 49 at 6. Such an argument plainly does not show harm to "substantial humanitarian interests." Accordingly, Plaintiffs cannot invoke 22 C.F.R. § 171.11(f)(3). We thank the Court for considering this letter.

2

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By:    */s/ Caleb Hayes-Deats*
CALEB HAYES-DEATS
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel.: (212) 637-2699

cc:    Nancy Morawetz
Jessica Rofé
Fatima Carrillo, Legal Intern
Nora Searle, Legal Intern
Kevin Siegel, Legal Intern
Sarah Thompson, Legal Intern
Washington Square Legal Services, Inc.
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, NY 10012
*for Plaintiffs*